UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.63.224.184,<br><br>    Defendant. | Case No. 21-cv-06886-RS<br><br>**ORDER GRANTING LEAVE TO ISSUE THIRD PARTY SUBPOENA** |

**I. INTRODUCTION**

Strike 3 seeks a subpoena to unmask someone sharing its copyrighted adult pornography, as it does thousands of times every year. Strike 3 has determined Defendant's Internet Protocol ("IP") address, but cannot determine the account owner without a subpoena. An IP address may be shared widely—but only has one account owner. Many have raised concerns that Strike 3 is effectively extorting account owners through these lawsuits, because they are embarrassed into settling, even if they are innocent. All the same, the law provides Strike 3 with the right to its subpoena. To ensure no prejudice to the possibly innocent account owner, courts routinely protect the identity of defendants in these cases until, at least, further discovery reveals some information about them and whether they are at all likely to be the perpetrator. Leave to issue the subpoena is granted with these protective measures in places. Defendant can proceed anonymously until that individual can assert a defense. Also, Strike 3 must fulfill its promise to propose confidentiality. Defendant must be informed of these measures.

## II. BACKGROUND[1]

Plaintiff, Strike 3, is a successful producer of pornographic videos which are often distributed illegally. Strike 3 pleads that it only files suit against large-scale infringers. It identified the IP address of a BitTorrent user who distributed 70 of their titles without authorization. Strike 3 cannot proceed without a subpoena to the Internet Service Provider ("ISP") associated with the IP address for the name of the account owner. Strike 3 has tried obtaining the identity in other ways and failed. However, they have determined that the IP address traces to somewhere in this district. ISPs routinely delete this information after a certain time. Thus, Strike 3 filed an *ex parte* application for leave to serve a third-party subpoena to the ISP before a Rule 26(f) conference, pursuant to Rule 45. Strike 3 is mindful of the controversy surrounding its litigation practices and claims it has a policy of entering into confidentiality agreements and not proposing settlement, to mitigate the risk of pressuring people into unjust settlements.

## III. LEGAL STANDARD

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for early discovery. *See, e.g.*, *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–77 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at 276.

In evaluating whether a plaintiff establishes good cause to learn the identity of a Doe defendant through early discovery, courts examine whether the plaintiff: (1) identifies the Doe defendant with sufficient specificity that the court can determine if the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates the action can withstand a motion to dismiss, and (4) shows the discovery is

---

[1] The factual background is based on the allegations in the complaint, which must be taken as true for this motion. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

reasonably likely to lead to identifying information that will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999) (citations omitted). "'[W]here the identity of alleged defendants [is not] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or the complaint would be dismissed on other grounds.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

## IV. DISCUSSION

### A. Strike 3's Pattern of Litigation

Strike 3 has been labeled by some as a "copyright troll" that files extortive lawsuits. *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160, 161 (D.D.C. 2018), *rev'd and remanded* 964 F.3d 1203, 1205 (D.C. Cir. 2020). In its detractors' view, it profits from "the nexus of antiquated copyright laws, paralyzing social stigma, and unaffordable defense costs." *Ingenuity 13 LLC v. Doe*, Case No. 2:12-cv-8333-ODW(JCx), (C.D. Cal. May. 6, 2013). They posit that the scheme works like this: Strike 3 identifies thousands of IP addresses per year that uploaded its copyrighted material. *Strike 3*, 351 F. Supp. 3d at 162 (summarizing many cases). It files thousands of lawsuits, and attempts to subpoena the subscriber information. When it succeeds, the subscriber learns he or she is being sued for uploading pornography. To save themselves embarrassment, they usually settle for just less than the cost of defending the suit. Their alternative is to pay high legal fees for a specialist in copyright law, and hope the court lets them proceed anonymously. When a defendant does put up any fight, the company usually drops the case.

### B. Strike 3 is Entitled to this Subpoena

Strike 3 understandably may be upset its copyrights are infringed so often; it is also understandable others feel Strike 3 is abusing the legal system. Ultimately, however, caselaw makes clear it would be an abuse of discretion to deny it leave for this subpoena. The Ninth Circuit has not ruled on a request for a subpoena by Strike 3, but it has endorsed the general scheme of limited discovery for copyright infringement. *Glacier Films (USA), Inc. v. Turchin*, 896

F.3d 1033, 1036 (9th Cir. 2018). Strike 3 needs this discovery to ascertain the identity of the defendant. *Wakefield*, 177 F.3d at 1163. It satisfies the *seescandy* factors, 185 F.R.D. at 578.

Further, even if one wanted to distinguish this case from the general copyright scheme, controlling law prevents consideration of the natural avenues of doing so, for reasons the D.C. Circuit outlined in a case involving a Strike 3 subpoena: it would be an abuse of discretion to consider the nature of the material, the possibility the case will fail, or Strike 3's pattern of litigation. *Strike 3*, F.3d at 1203. This leaves no way to distinguish this case from any other unknown-infringer case. First, pornography is entitled to copyright protections just like any other content. *Jartech, Inc. v. Clancy*, 666 F.2d 403, 405–06 (9th Cir. 1982). Second, *Cobbler Nevada* does not provide a basis to deny the subpoena at this stage. It held that being the account holder of an infringing IP address does not even raise an inference of infringement, because many people might have access to one such address. *Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142, 1145 (9th Cir. 2018). In fact, the plaintiff in that case was allowed the subpoena, and a deposition of the subscriber to determine details about the usage of the IP address. 901 F.3d at 1145. Third, at this stage, the court must assume the truth of Strike 3's allegations and draw all reasonable inferences in its favor. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). This is true despite criticism of Strike 3 and its attorney here—in a rare case which proceeded to summary judgment—for making unsupported claims in its Complaint such that the case never should have been brought. *Strike 3 Holdings, LLC v. Doe*, No. C17-1731 TSZ, 2020 WL 531996, at *5 (W.D. Wash. Feb. 3, 2020), *aff'd*, 849 F. App'x 183 (9th Cir. 2021). Thus, although Strike 3's pattern of litigation is appropriate for judicial notice, it cannot supply the grounds for denial of the request. Fed. R. Evid. 201.

**C. Protective Measures**

Even if leave must be granted, the question of protective measures remains. Rule 26(c) allows a court to grant a protective order if there is good cause. *McCoy v. Sw. Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). Courts routinely impose conditions on the grant of these subpoenas, such as requiring the subscriber's name not be made public, and that court filings

discussing the identity must be redacted and sealed, at least until further discovery can be taken. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe, No. 19-CV-00160-EMC*, 2019 WL 591459, at *3 (N.D. Cal. Feb. 13, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 4:18-CV-04993-KAW, 2019 WL 468816, at *2 (N.D. Cal. Feb. 6, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 2:18-cv-02637-MCE-CKD, 2019 WL 935390, at *2 (E.D. Cal. Feb. 26, 2019). Indeed, Strike 3 claims it welcomes protective measures. This policy, along with not proposing settlements and only pursuing large-scale offenders, ostensibly ensures justice is being done.

Strike 3's policies are not as reassuring as it thinks. Large-scale infringement may logically stem as often from one zealous user as from an IP address for a location with many users, in which Strike 3's case may be impossible. Not proposing settlement may suggest Strike 3 is supremely confident in its case. Finally, defendants may not know they may ask for anonymity.

To ensure Defendant is not unduly prejudiced, Plaintiff must attempt to ensure Defendant knows he or she can proceed anonymously at the earliest possible opportunity, as ordered below. The ISP must serve a copy of this order to Defendant, which would accomplish this purpose. Also, Strike 3 is ordered to certify they have proposed a confidentiality agreement with Defendant. This should pose no hardship as Strike 3 claims it has a policy of entering into confidentiality agreements anyway.

## V. CONCLUSION

1. Plaintiff has established that good cause exists for it to serve a third-party subpoena on Comcast Cable (the "ISP").

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order;

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to Defendant; the same requirements laid out for Comcast Cable in this order will also apply to any

ORDER GRANTING LEAVE FOR SUBPOENA
CASE NO. 21-cv-06886-RS

follow-on orders pursuant to this section.

4. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed by sending a copy of this Order to Defendant;

5. Plaintiff shall also request the ISP forward a copy of this order to the subscriber, regardless of whether it qualifies as a cable operator. If the ISP declines, Plaintiff shall serve a copy of this order on Defendant simultaneous to or before any other service or communication to Defendant. Plaintiff must file a copy of its request to the ISP on the docket. Alternatively to the other requirements in this paragraph, Plaintiff may file an affidavit that it attests the ISP has forwarded this order to Defendant before attempting to serve or communicate with Defendant.

6. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint. Specifically, Plaintiff must not publicly disclose the information obtained based on this subpoena without leave of the court—at least until the Doe defendant has had an opportunity to file a motion to proceed anonymously, or further discovery has been taken. All references to Defendant's identity must be redacted and filed under seal until further notice.

6. Plaintiff must first file an affidavit confirming it proposed confidentiality to Defendant, as it represented it would to the court. This filing must contain the relevant communications concerning any proposed agreement, e.g., copies of emails related to confidentiality, or descriptions of

1  conversations with Defendant.

3  **IT IS SO ORDERED**.

5  Dated: September 30, 2021

_____
RICHARD SEEBORG
Chief United States District Judge